UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WARREN CARPENTER, | No. 2:14-cv-00692-JAM-AC (HC) |
| Petitioner, | |
| v. | ORDER |
| KIM HOLLAND, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. On March 14, 2014, petitioner filed a separate one-sentence request for an evidentiary hearing. ECF No. 4.

In Cullen v. Pinholster, the Supreme Court made clear that in determining whether an evidentiary hearing is warranted under 28 U.S.C. 2254(e)(2), the court must consider the standards for habeas relief under section 2254(d). Cullen v. Pinholster, 131 S. Ct. 1388, 1399 (2011) ("'[B]ecause the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate.'") (quoting Schiro v. Landrigan, 550 U.S. 465, 474 (2007)). In other words, the process of determining whether an evidentiary hearing should be granted necessarily includes an analysis of both sections 2254(d) and 2254(e)(2). See id.; see also Landrigan, 550 U.S. at 474 ("In deciding whether to grant an evidentiary hearing, a federal court

must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief.").

In light of this analytical overlap and the overwhelming demand on the court's docket, the court finds that the most prudent approach is to defer a decision on whether an evidentiary hearing is appropriate until the court conducts a section 2254(d) analysis.  See Landrigan, 550 U.S. at 473 ("[T]he decision to grant an evidentiary hearing [is] generally left to the sound discretion of district courts.  That basic rule has not changed.") (internal citations omitted).  Therefore, petitioner's request for an evidentiary hearing is denied without prejudice and the court will address sua sponte whether an evidentiary hearing is warranted when the merits of the petition are considered.

Accordingly, IT IS HEREBY ORDERED that:

Petitioner's request for an evidentiary hearing is denied without prejudice.

DATED: February 3, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE