UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WARREN CARPENTER,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>KIM HOLLAND,<br><br>　　　　Respondent. | No. 2:14-cv-00692-JAM-AC (HC)<br><br><br><br>ORDER |

　　This habeas corpus action was submitted for decision on August 9, 2014.[1]  It has come to the attention of the court that the state court record lodged by respondent does not include a copy of the California Supreme Court's February 11, 2014 order denying habeas relief.  Instead, respondent has submitted a docket report from the California Supreme Court, indicating that the petition was denied on February 11, 2014.  Lodged Doc. No. 15 at 2.  In the experience of the undersigned, it is common practice in federal habeas cases for Deputies Attorney General to lodge California Supreme Court docket reports in lieu of the actual orders denying habeas petitions.  This practice does not permit the court to perform the review required by 28 U.S.C. § 2254.

---

[1] No traverse was filed in this case. On July 10, 2014, respondent's answer was filed and served on petitioner. ECF No. 17.  The traverse was due thirty days later on August 9, 2014.  See ECF No. 6.

1

A docket report is not an order and does not conclusively establish the contents of the orders it references.  A docket report summarizes the procedural history of a case.  It documents the fact that relief was denied, but does not establish to the court's satisfaction whether or not the denial was without comment or citation.  The presence or absence of any stated reason for denial, no matter how briefly identified, or any citation to authority, has potential consequences for review under § 2254.  See Cullen v. Pinholster, 131 S. Ct. 1388, 1399 (2011) (focus of 2254(d) review is "what a state court. . . did"); Ylst v. Nunnemaker, 501 U.S. 797, 806 (1991) (where state court's denial is unexplained, federal court must "look through" it to last reasoned decision); Frantz v. Hazey, 533 F.3d 724, 738 (9th Cir. 2008) (en banc) (where state court's denial is explained, federal court's analysis is limited to its actual reasoning and analysis); Cone v. Bell, 556 U.S. 449, 472 (2009) (where state court denial rests on procedural ground, federal court conducts de novo review of merits).

The undersigned is aware from experience that California Supreme Court docket sheets generally do reflect the content of orders denying habeas relief, including any citation to a procedural bar.  However, the docket reports are not the source documents.  In light of this court's duty to review what the state court actually did, Pinholster, 131 S.Ct. at 1399, the lodged state court record must include all state court orders denying relief.  A docket report or similar substitute is not sufficient.

Accordingly, counsel for respondent is HEREBY ORDERED to file (or lodge in paper), within 30 days after the filing date of this order, a copy of the California Supreme Court's order dated February 11, 2014, denying petitioner's habeas petition.

DATED: April 30, 2015

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE