1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

8

FOR THE EASTERN DISTRICT OF CALIFORNIA

9
10

| | |
|---|---|
| STEVEN WARREN CARPENTER, | No. 2:14-cv-00692 JAM AC (HC) |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| KIM HOLLAND, Warden, | |
| Respondent. | |

Petitioner is a California state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The action proceeds on the petition docketed on March 14, 2014, ECF No.1,[1] which challenges petitioner's 2011 conviction for failing to update his sex offender registration and report a change of address.  Respondent has answered.  ECF No. 17.  Petitioner did not file a traverse, and the time for doing so has expired.

BACKGROUND

I.      Proceedings in the Trial Court

On November 12, 2009, petitioner was charged by Information in Shasta County Superior Court with two felony offenses.  Count One alleged that petitioner had failed to update his sex

---

[1]  Because the timeliness of the petition is uncontested, and the precise date of filing therefore has no legal significance, the court does not consider application of the "prison mailbox rule."  See Houston v. Lack, 487 U.S. 266 (1988) (establishing rule that a prisoner's court document is deemed filed on the date the prisoner delivered the document to prison officials for mailing).

1

offender registration annually, in violation of Cal. Penal Code § 290.012. Count Two charged him with failing to report a change of address in violation of Cal. Penal Code § 290.013. The Information further alleged that Petitioner had suffered eighteen prior convictions for lewd and lascivious touching of a child (Cal. Penal Code, §§ 288(a), 1170.12) and that he had served a prior prison term (Cal. Penal Code, § 667.5(b)). 1 CT 16-23.[2]

The evidence at trial established the following facts, as summarized by the California Court of Appeal:[3]

> Defendant was convicted of sex crimes requiring sex offender registration in October 1984. Defendant had most recently updated his registration in November 2007, several days before his birthday, listing as his address his mother's house in Redding.
>
> On September 20, 2008, a detective from the Redding Police Department interviewed defendant as part of a felony investigation. Defendant confirmed he was still living at the same address. During the interview, the detective advised defendant that the case might be submitted to the prosecutor for prosecution.
>
> On October 2, 2008, an arrest warrant was issued for defendant. The next day, the detective went to defendant's mother's house to attempt to serve the warrant, but defendant was not there. At some point, the detective learned defendant was no longer in California.
>
> Nearly a year later, on September 25, 2009, defendant arrived at his sister's home in Oroville. Two days later, a Butte County deputy sheriff responding to a domestic violence call encountered defendant at that location. Defendant initially gave the deputy some false names and dates of birth. Once the deputy ascertained defendant's actual identity, however, defendant admitted there was a felony warrant out for him in Shasta County. The deputy arrested him. During their encounter, defendant told the deputy that he had "recently been in the state of Alaska, and he was residing and working up there."
>
> In a conversation recorded during a jail visit on October 1, 2009, defendant said that a year earlier he had gone "to Wasilla to see Rita," "went around there and then . . . went over to . . . Fairbanks and . . . was staying at Fairbanks for a while." He said he "just traveled around" and that he "didn't have to register in Alaska [because his] crime was before 1990." He explained he was "just gonna turn [him]self in" and he "came down just to take care of this."

---

[2] "CT" refers to the Clerk's Transcript on Appeal, lodged by respondent on July 10, 2014. Lodged Doc. 16.

[3] Lodged Doc. 4 at 2-3. The undersigned has independently confirmed the accuracy of the California Court of Appeal's statement of the facts.

On April 14, 2011, a jury found petitioner guilty on both counts. 1 CT 295-96. The same day, petitioner admitted all of the prior conviction allegations. 1 CT 293. On May 20, 2011, petitioner was sentenced pursuant to California's "three strikes" recidivist sentencing statute to concurrent terms of twenty-five years to life on each of the two counts, plus one additional year for the prior prison term enhancement, for an aggregate terms of twenty-six years to life in prison. 2 CT 437-40.

II.  Post-Conviction Proceedings

Petitioner timely appealed. On August 31, 2012, the California Court of Appeal reversed petitioner's conviction on Count One for insufficient evidence, and affirmed the judgment and sentence on Count Two. Lodged Doc. 4. The California Supreme Court denied review on December 12, 2012. Lodged Doc. 6.

Petitioner filed a petition for writ of habeas corpus in the Shasta County Superior Court on June 20, 2013, which was denied in a written decision on July 15, 2013. Lodged Docs. 8, 9. Petitioner filed a second habeas petition in the Shasta County Superior Court on September 17, 2013, which was denied in a written decision on September 30, 2013. Lodged Docs. 10, 11. Petitioner next filed a habeas petition in the California Court of Appeal, which was denied without comment or citation on October 31, 2013. Lodged Docs. 12, 13. Petitioner then filed a habeas petition in the California Supreme Court, which was silently denied on February 11, 2014. Lodged Doc. 14; Suppl. Lodged Doc. 15.

As previously noted, the instant federal petition was filed on March 14, 2014.

STANDARDS GOVERNING HABEAS RELIEF UNDER THE AEDPA

28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides in relevant part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

3

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The statute applies whenever the state court has denied a federal claim on its merits, whether or not the state court explained its reasons. Harrington v. Richter, 131 S. Ct. 770, 785 (2011). State court rejection of a federal claim will be presumed to have been on the merits absent any indication or state-law procedural principles to the contrary. Id. at 784-785 (citing Harris v. Reed, 489 U.S. 255, 265 (1989) (presumption of a merits determination when it is unclear whether a decision appearing to rest on federal grounds was decided on another basis)). "The presumption may be overcome when there is reason to think some other explanation for the state court's decision is more likely." Id. at 785.

The phrase "clearly established Federal law" in § 2254(d)(1) refers to the "governing legal principle or principles" previously articulated by the Supreme Court. Lockyer v. Andrade, 538 U.S. 63, 71-72 (2003). Only Supreme Court precedent may constitute "clearly established Federal law," but courts may look to circuit law "to ascertain whether…the particular point in issue is clearly established by Supreme Court precedent." Marshall v. Rodgers, 133 S. Ct. 1446, 1450 (2013).

A state court decision is "contrary to" clearly established federal law if the decision "contradicts the governing law set forth in [the Supreme Court's] cases." Williams v. Taylor, 529 U.S. 362, 405 (2000). A state court decision "unreasonably applies" federal law "if the state court identifies the correct rule from [the Supreme Court's] cases but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 407-08. It is not enough that the state court was incorrect in the view of the federal habeas court; the state court decision must be objectively unreasonable. Wiggins v. Smith, 539 U.S. 510, 520-21 (2003).

Review under § 2254(d) is limited to the record that was before the state court. Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011). The question at this stage is whether the state court reasonably applied clearly established federal law to the facts before it. Id. In other words, the focus of the § 2254(d) inquiry is "on what a state court knew and did." Id. at 1399. Where the state court's adjudication is set forth in a reasoned opinion, §2254(d)(1) review is confined to "the

4

state court's actual reasoning" and "actual analysis." Frantz v. Hazey, 533 F.3d 724, 738 (9th Cir. 2008) (en banc).

## DISCUSSION

Respondent has raised no procedural defenses, but contends that § 2254(d) bars relief on each of petitioner's ten claims.

I.      Claim One: Jury Instruction On Elements Of Count Two Violated Due Process

        A. Petitioner's Allegations and Pertinent State Court Record

Petitioner was charged in Count Two with violation of Cal. Penal Code § 290.013, which provides as follows:

> (a) Any person who was last registered at a residence address pursuant to the Act who changes his or her residence address, whether within the jurisdiction in which he or she is currently registered or to a new jurisdiction inside or outside the state, shall, in person, within five working days of the move, inform the law enforcement agency or agencies with which he or she last registered of the move, the new address or transient location, if known, and any plane he or she has to return to California.

> (b) If the person does not know the new residence or address or location at the time of the move, the registrant shall, in person, within five days working days of the move, inform the last registering agency or agencies that he or she is moving. The person shall later notify the last registering agency or agencies, in writing, sent by certified or registered mail, of the new address or location within five working days of moving into the new residence address or location, whether temporary or permanent.

The jury was instructed with a modified version of CALCRIM 1170, as follows:

> The defendant is charged in Count 2 with failing to register as a sex offender in violation of Penal Code § 290.

> To prove that defendant is guilty of the crime, the People must prove that:

> The defendant was previously convicted of a registerable sex offense;

> The defendant resided in Redding, California

> The defendant actually knew he had duty under Penal Code § 290 to register as a sex offender in California and that he had to register within five working days of a change of his residence address or transient location, as specified in element 4 below;

5

The defendant willfully failed to inform, in person, the law enforcement agency with which he is currently registered of a change in his residence address, or transient location, whether within the jurisdiction in which he is currently registered or to a new jurisdiction within or without the State of California, within 5 working days of the move;

OR

If the defendant did not know the new residence address at the time of the move, he did willfully fail to inform, in writing, the agency with which he last registered, within 5 working days, that he is moving, and to later notify that agency in writing, sent by certified or registered mail, of his new address, or transient location, within 5 working days of moving into the new residence or location, whether temporary or permanent.

Someone commits an act willfully when he or she does it willingly or on purpose.

Residence means one or more addresses where someone regularly resides, regardless of the number of days or nights spent there, such as a shelter or structure that can be located by a street address. A residence may include, but is not limited to, houses, apartment building, motels, homeless shelters, and recreational and other vehicles.

1 RT 216-217; 2 CT 326-327, 363-364.[4]

Petitioner contends that the instructions were "erroneous in that they omitted elements, conflated the elements of two offenses, and contained an inapplicable element." ECF No. 1 at 6.

B. The Clearly Established Federal Law

Errors of state law do not present constitutional claims cognizable in habeas. See Pulley v. Harris, 465 U.S. 37, 41 (1984). Erroneous jury instructions therefore do not support federal habeas relief unless the infirm instruction so infected the entire trial that the resulting conviction violates due process. Estelle v. McGuire, 502 U.S. 62, 72 (1991) (citing Cupp v. Naughten, 414 U.S. 141, 147 (1973)). See also Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974) ("'[I]t must be established not merely that the instruction is undesirable, erroneous, or even 'universally condemned,' but that it violated some [constitutional right]'"). The challenged instruction may

---

[4] "RT" refers to the Reporter's Transcript on Appeal, lodged by respondent on July 10, 2014. Lodged Doc. 17.

1  not be judged in artificial isolation, but must be considered in the context of the instructions as a

2  whole and the trial record overall.  Estelle, 502 U.S. at 72.  Moreover, relief is only available if

3  there is a reasonable likelihood that the jury has applied the challenged instruction in a way that

4  violates the Constitution.  Id. at 72–73.

5          C.  The State Court's Ruling

6          This claim was presented on direct appeal.  Because the California Supreme Court denied

7  discretionary review, the opinion of the California Court of Appeal constitutes the last reasoned

8  decision on the merits and is the subject of habeas review in this court.  See Ylst v. Nunnemaker,

9  501 U.S. 797 (1991); Ortiz v. Yates, 704 F.3d 1026, 1034 (9th Cir. 2012).

10         The state appellate court ruled as follows:

> Defendant contends the jury instruction on failing to register a change of address "contained an inapplicable element, omitted required elements, and improperly conflated multiple elements of two separate offenses."  We disagree.
>
> Part of defendant's challenge to the jury instruction here is based on the premise that subdivisions (a) and (b) of section 290.013 "are not alternate statements of the same offense," but instead define "two separate offenses."  Based on that premise, defendant contends the instruction was erroneous because it "omitted required elements, and improperly conflated multiple elements" of the separate offenses.
>
> These arguments are without merit because their premise is flawed.  Subdivision (b) of section 290.018 makes it a felony for a "person who is required to register under the act based on a felony conviction . . . [to] willfully violate[] any requirement of the act."  Here, in count 2, the "requirement of the act" defendant was charged with violating was the requirement in section 290.013 that a registrant report any change from a previously registered residence address.  In this regard, subdivisions (a) and (b) of the statute do *not* set forth separate and distinct requirements, the violation of which qualify as separate and distinct offenses under section 290.018, subdivision (b).  Instead, subdivision (b) of the statute simply provides that the notification requirements of section 290.013 are slightly different "[i]f the person does not know the new residence address or location at the time of the move."  Whether the person knows where he will be moving at the time of the move, the basic requirement of section 290.013 is the same: the person must provide notice of the move — i.e., that he is leaving the residence address at which he was previously registered.  The small variation on the notice requirements that exists depending on whether the person knows where he will be moving does not give rise to separate offenses.  Accordingly, all of defendant's arguments based on that premise have no merit.

That leaves us with just two remaining arguments. First, defendant complains that section 290.13 "required proof that [he] was registered as a sex offender at a specific residence address," but the jury instruction required the prosecutor to prove, as an element of the crime, only that "defendant resided in Redding, California." The People do not attempt to defend this aspect of the instruction as correct, but they argue that "any error in this regard is necessarily harmless" because no reasonable jury could have found that defendant was not registered at a specific address in Redding. Defendant offers no reply to this harmless error argument.

We agree the jury instruction here should have informed the jurors that they had to find that defendant was registered at a residence address pursuant to the Sex Offender Registration Act. (See §§ 290, subd. (a), 290.013, subd. (a).) The evidence of this fact, however, was undisputed, and it is clear to us beyond any reasonable doubt that the error in the jury instruction did not affect the result. (*See People v. Flood* (1998) 18 Cal.4th 470, 506-507 [instructional error removing an element from the jury's consideration "may be found harmless in circumstances . . . in which there is no possibility that the error affected the result"].)

Second, defendant complains that "[t]he instruction given did not clearly require the jury to find beyond a reasonable doubt that [he] had 'moved' or changed his 'residence address,'" rather than simply taken "a vacation or a trip to visit friends or relatives." Not so. The instruction specifically told the jurors the People had to prove that "defendant willfully failed to inform . . . the law enforcement agency with which he last registered of *a change in his residence[] address, or transient location* . . . and any plans he has to return to California within five working days of *the move*" or that "he did willfully fail to inform . . . the agency with which he last registered within five working days that he *is moving* and to later notify that agency .. . of his *new address or transient location* within five working days of moving into the *new residence[] address or location* . . . ." (Italics added.) The italicized language clearly communicated that a move or change of residence address, and not simply a vacation or a trip, was necessary to trigger the notice requirements of section 290.013.

For the foregoing reasons, we reject defendant's contention that the trial court erred in instructing the jury on the charge of failing to register a change of address.

Lodged Doc. 4 at 9-12.

    D.  Objective Reasonableness Under § 2254(d)

The court of appeal's construction of Cal. Penal Code § 290.013 is a matter of state law that is not reviewable by this court. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); Bradshaw v. Richey, 546 U.S. 74, 76 (2005) ("a state court's interpretation of state

8

law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."). Accordingly, to the extent Claim One is based on petitioner's theory that § 290.013 establishes two distinct offenses, it can provide no basis for relief. Where jury instructions are correct under state law, there can be no due process violation. <u>Spivey v. Rocha</u>, 194 F.3d 971, 976 (1999), <u>cert. denied</u>, 531 U.S. 995 (2000).

The same analysis applies to petitioner's argument that the instruction failed to require a finding that he had "moved" or changed his "residence address," rather than simply taken "a vacation or a trip to visit friends or relatives." Moreover, for the reasons identified by the court of appeal, that assertion is belied by the record. The jury was correctly instructed under state law, an issue that is not reviewable here, so there can be no constitutional error. <u>Spivey</u>, <u>supra</u>.

The court of appeal did find error under state law in the trial court's failure to instruct the jurors that they had to find that petitioner was registered at a residence address pursuant to the Sex Offender Registration Act. However, the court found that error harmless beyond a reasonable doubt. Even if the error had been constitutional in magnitude, a reasonable finding of harmlessness beyond a reasonable doubt would bar federal relief. <u>See</u> <u>Mitchell v. Esparza</u>, 540 U.S. 12 (2003) (per curiam). The court of appeal reasonably concluded that the instructional error cannot have had any effect on the verdict, because the matter at issue was essentially undisputed. Accordingly, relief is unavailable.

Overall, petitioner has not demonstrated that the challenged instruction violated any constitutional right or infected his trial with fundamental unfairness. Neither has he demonstrated a reasonable likelihood that the jury applied the challenged instruction in a way that violates the Constitution. Accordingly, the state court's rejection of this claim did not involve an unreasonable application of federal law.

II.     <u>Claim Two: Trial Court's Refusal To Take Judicial Notice Of Alaska Law Violated Petitioner's Right To Present A Defense</u>

A. <u>Petitioner's Allegations and Pertinent State Court Record</u>

Petitioner alleges that he was deprived of the right to present a defense by the trial court's refusal to take judicial notice, or otherwise permit evidence, that Alaska law does not require

registration of sex offenders whose convictions predate 1994.  ECF No. 1 at 8.

The California Court of Appeal accurately set forth the background of this claim:

> During trial, defense counsel asked the court to take judicial notice of an Alaska case "holding . . . that there is no requirement for anyone to register as a sex offender in the state of Alaska if their conviction predates the registration requirement which I believe was in 1994."  The court deferred ruling on the matter pending the prosecutor's review of the case.

> In the meantime, the prosecutor offered into evidence a tape recording of a jailhouse conversation in which defendant said that "[u]p in Alaska [he] didn't have to register."

> When the court and the parties later returned to defense counsel's request for judicial notice, the court questioned "the relevance of the fact that in Alaska there's no registration requirement because the [P]eople are not alleging that the defendant failed to register in another state." Defense counsel argued that "it goes to the state of mind of the defendant and the willful failure to register."  Later she restated that "it goes to his mental state with respect to his — his willingness and his attempt to comply with the law as he understood it at that time."  The court observed that "we have nothing about defendant's state of mind in terms of what he knew in terms of registration requirements other than . . . that . . . the very documents the defendant initialed informed the defendant . . . that he had an obligation to notify California no matter where he went, and so the fact that he didn't have to register in Alaska to me is not relevant . . . ." The prosecutor added that "giving [the jurors] what the law is in Alaska would only confuse them because they are going to think how am I supposed to use this law."  The court agreed and ruled that "to the extent it has any limited probative value that is outweighed by the high probability that jurors could be misled or confused by it."  Accordingly, the court refused to take judicial notice that defendant was not required to register as a sex offender under Alaska law.

> In closing argument, the prosecutor contended defendant's belief that he did not have to register in Alaska was evidence that he did not want to register and that he therefore willfully failed to comply with his registration requirements in California. Defense counsel renewed her request for judicial notice so she could "use [the fact that there is no registration requirement in Alaska] in [her] closing argument."  The court again refused, noting that "[i]t's in evidence that he believed there was no registration requirement," but "[t]he fact that it's true that he didn't have to register in Alaska is not relevant . . . and it doesn't pass [Evidence Code] section 352 muster." Thereafter, defense counsel argued, "He went to Alaska. He believed there was no reason to register in Alaska, and, in fact, there isn't."

Lodged Doc. 4 at 13-14.

////

10

B. The Clearly Established Federal Law

The Constitution guarantees to criminal defendants the right to present a defense. Chambers v. Mississippi, 410 U.S. 284 (1973); Crane v. Kentucky, 476 U.S. 683, 690 (1986). This includes the right to present witnesses and evidence. Chambers, 410 U.S. at 302. "A defendant's right to present relevant evidence is not unlimited, but rather is subject to reasonable restrictions," such as evidentiary and procedural rules. United States v. Scheffer, 523 U.S. 303, 308 (1998); see also Chambers, 410 U.S. at 302 (in exercising the right to present a defense, accused must "comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence."). The exclusion of evidence under well-established evidentiary rules is unconstitutional only where it "significantly undermine[s] fundamental elements of the accused's defense." Scheffer, 523 U.S. at 315.

C. The State Court's Ruling

This claim was presented on direct appeal. Because the California Supreme Court denied discretionary review, the opinion of the California Court of Appeal constitutes the last reasoned decision on the merits and is the subject of habeas review in this court. See Ylst, 501 U.S. 797; Ortiz, 704 F.3d at 1034.

The state appellate court ruled as follows:

> Defendant contends the trial court deprived him of his constitutional right to present a defense by "refus[ing] to permit evidence that [he] was not required to register as a sex offender under Alaska law." We disagree.
>
> . . .
>
> On appeal, defendant contends he was "entitled to present defense evidence tending to show that [his] failure to give notice [of his change of residence] was not willful, and occurred without actual knowledge of a requirement to give notice under the circumstances." He further contends "[t]he status of Alaska law was relevant to [his] state of mind regarding the wilful failure to register and his knowledge of the nature of his duty to register." We disagree. Defendant was charged with willfully failing to comply with the registration requirements of *California* law — specifically, in count 2, with the requirement that he notify California law enforcement that he was moving from the address at which he was last registered. Whether he was required under Alaska law to register as a sex offender in Alaska was absolutely irrelevant to the matter in controversy.

11

1

2

3

4

5

6

 Defendant contends the last advisement he received regarding California registration requirements "referred to a change in 'registered addresses,'" and since Alaska does not require registration, he could have believed that "he had no [new] registered address of which to inform the state of California." This argument is based on a misreading of the advisement on which it relies. Nowhere does that advisement refer to "registered addresses," in the plural. Rather, it simply advised defendant of the notice he was required to give to California authorities if he "change[d his] registered address to a new address" or "transient location."

7

8

9

10

11

12

13

 Defendant contends "[e]vidence of the lack of a registration requirement in Alaska was also necessary to rebut the inference created by the prosecution that [defendant] was guilty of other uncharged bad acts under the registration statute." By this argument, defendant suggests that the prosecution inferred defendant had a duty to register in Alaska but failed to do so. But we find no such inference in the record. It is true that the various advisement forms offered into evidence all advised defendant that if he moved out of California, he was required to register in the new state within 10 days. But defendant points to no evidence or argument by which the prosecutor implied to the jury that defendant had violated that advisement.

14

15

 Under these circumstances, defendant has shown no error in the trial court's refusal to take judicial notice that he was not required to register as a sex offender in Alaska.

16  Lodged Doc. 4 at 12, 14-16.

17    D.  <u>Objective Reasonableness Under § 2254(d)</u>

18   The exclusion of irrelevant evidence cannot violate a defendant's Sixth Amendment

19  rights. The state court reasonably found that the absence of any duty to register in Alaska

20  pursuant to Alaska law was not relevant to the question whether petitioner had violated California

21  law requiring him to notify California authorities of his whereabouts. The state court concluded

22  that evidence petitioner believed he did not need to register in Alaska could not negate the

23  element of willfulness regarding his failure to notify California authorities that he no longer lived

24  at his mother's house in Redding. That is an issue of state law, which this court may not review.

25  <u>Bradshaw</u>, 546 U.S. at 76. Accepting that state law premise, the court readily concludes that

26  petitioner's proffered evidence regarding Alaska requirements did not support a defense.

27  Accordingly, petitioner's right to present a defense cannot have been infringed. The state court's

28  denial of this claim did not involve any unreasonable application of federal law.

12

III.    Claim Three:  Petitioner's Conviction On Count Two Was Not Supported By
        Evidence Sufficient To Satisfy Due Process

        A.  Petitioner's Allegations and Pertinent State Court Record

Petitioner contends that his conviction for failing to report a change of address was based on insufficient evidence.  Specifically, he alleges that the prosecution failed to prove that he had changed residences, moved, or been transient such as to give rise to a duty to inform law enforcement.  ECF No. 1 at 9.

The evidence that was presented at trial is summarized above at page 2.

        B.  The Clearly Established Federal Law

Due process requires that each essential element of a criminal offense be proven beyond a reasonable doubt.  In re Winship, 397 U.S. 358, 364 (1970).  In reviewing the sufficiency of evidence to support a conviction, the question is "whether, viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Jackson v. Virginia, 443 U.S. 307, 319 (1974).  If the evidence supports conflicting inferences, the reviewing court must presume "that the trier of fact resolved any such conflicts in favor of the prosecution," and the court must "defer to that resolution."  Id. at 326.  The federal habeas court determines the sufficiency of the evidence in reference to the substantive elements of the criminal offense as defined by state law.  Id. at 324 n.16

        C.  The State Court's Ruling

This claim was presented on direct appeal.  Because the California Supreme Court denied discretionary review, the opinion of the California Court of Appeal constitutes the last reasoned decision on the merits and is the subject of habeas review in this court.  See Ylst, 501 U.S. 797; Ortiz, 704 F.3d at 1034.

The state appellate court ruled as follows:

> Subdivision (a) of section 290.13 provides that "[a]ny person who was last registered at a residence address pursuant to the Act who changes his or her residence address, whether within the jurisdiction in which he or she is currently registered or to a new jurisdiction inside or outside the state, shall, in person, within five

13

working days of the move, inform the law enforcement agency or agencies with which he or she last registered of the move, the new address or transient location, if known, and any plans he or she has to return to California." Subdivision (b) of the statute provides that "[i]f the person does not know the new residence address or location at the time of the move, the registrant shall, in person, within five working days of the move, inform the last registering agency or agencies that he or she is moving. The person shall later notify the last registering agency or agencies, in writing, sent by certified or registered mail, of the new address or location within five working days of moving into the new residence or location, whether temporary or permanent."

Defendant was convicted in count 2 of violating the requirements of section 290.013. On appeal, he contends "[t]he prosecution failed to present sufficient proof that [he] had changed his address or 'moved' so as to trigger a duty to inform law enforcement of a change of address." According to defendant, "[n]o evidence was presented to establish that [he] had moved rather than gone on vacation," and "[n]o evidence was presented to establish that [he] had a new residence address at any time between November 2008 and September 2009."

We find no merit in this argument. Essentially, section 290.13 requires a registrant who has registered at a residence address to inform law enforcement if he is permanently leaving that address. While we agree that a person who merely goes on vacation and intends to return to and continue residing at the previously registered residence address is not required by section 290.13 to notify authorities, there was more than sufficient evidence here for the jury to find that defendant was not simply "on vacation" in Alaska for a year. On the evidence, the jury could have reasonably concluded that when defendant found out he was the subject of a felony investigation in Shasta County, he fled his mother's house in Redding where he had been registered and travelled to Alaska, where he believed he did not have to register as a sex offender. There he lived and worked, staying at Fairbanks for awhile, as well as other places. After a year, he returned to California, but instead of going to his mother's house in Redding, he went to his sister's home in Oroville, where — when found by police — he tried to hide his identity in a further effort to evade the warrant that had been issued for his arrest. On these facts, the jury could have reasonably found that defendant was not merely on a year-long Alaskan vacation, but rather that he had changed his residence address, which had been his mother's house in Redding, to a new address or transient location in Alaska, and that by failing to inform the authorities in California of this "move," he violated the requirements of section 290.013. Accordingly, there was sufficient evidence to support defendant's conviction of failing to report a change of address.

Lodged Doc. 4 at 5-7.

////

14

D.  Objective Unreasonableness Under § 2254(d)

The court of appeal did not unreasonably apply Jackson v. Virginia, supra.  Petitioner essentially argues that the facts support an inference that he was on an extended vacation, but not an inference that he had relocated such that he had a duty to notify California authorities.  Even assuming that the evidence could be interpreted to support petitioner's vacation theory, for the reasons explained by the state court it could also be interpreted to support an inference that petitioner had fled California and was maintaining a transient address in Alaska.  There is nothing objectively unreasonable about the latter inference.  Where the evidence supports conflicting inferences, an insufficient evidence claim necessarily fails.  Jackson, 443 U.S. at 326; Juan H. v. Allen, 408 F.3d 1262, 1274, 1275 & n.13 (9th Cir. 2005).

IV.  Claim Four:  California Penal Code § 290.013, Which Requires In-Person Notification Of Address Changes, Violates Constitutional Rights

A.  Petitioner's Allegations and Pertinent State Court Record

Petitioner contends that application of Cal. Penal Code § 290.013 imposed an impermissible burden on his right to travel, and violated his right to equal protection.  Specifically, petitioner alleges that there was evidence he had initially left California for vacation, became indigent while out of state due to the termination of his social security benefits, and was therefore financially unable to return to California in order to provide the necessary in-person notification when he decided to remain in Alaska.  On this basis, he contends that the in-person notification requirement "operates as a de facto penalty for indigence."  ECF No. 1 at 11.

B.  The Clearly Established Federal Law

"The right of a United States citizen to travel from one State to another and to take up residence in the State of his choice is protected by the Federal Constitution."  Jones v. Helms, 452 U.S. 412, 418 (1981).  The right to freely move in interstate travel may, however, be limited by state-imposed restrictions that are rationally related to criminal conduct.  Id. at 421.  Such restrictions violate neither the right to travel nor equal protection principles.  Id. at 421, 426.

C.  The State Court's Ruling

This claim was presented on direct appeal.  Because the California Supreme Court denied

1  discretionary review, the opinion of the California Court of Appeal constitutes the last reasoned

2  decision on the merits and is the subject of habeas review in this court.  See Ylst, 501 U.S. 797;

3  Ortiz, 704 F.3d at 1034.

4      The state appellate court ruled as follows:

5          Section 290.013 provides that the notice required under that statute
           must be given "in person."  Defendant contends that "[a]s applied
6          to persons such as [him] who left the state of California, th[is]
           requirement . . . of in person notification violates the United States
7          Constitution by imposing an excessive burden on interstate
           commerce, violating [his] right to equal protection of the laws, and
8          his right to travel."  This argument is based on the premise that if a
           person who leaves the state without intending to change his
9          residence (e.g., someone who "decides to travel [out of state] to
           visit a friend") decides, while out of state, to relocate his residence
10         to the new state, section 290.013 requires that person to *return* to
           California to provide personal notice of the move.  According to
11         defendant, "[t]his amounts to a tax or burden on [defendant]'s right
           to move freely between the states, as well as an economic burden
12         on the individual out of proportion to any legitimate state interest in
           monitoring a former resident."
13
           We find no merit in defendant's argument because he has failed to
14         show that he fell within the category of citizens to whom he
           contends section 290.013 is unconstitutional when applied.
15
           "[W]hereas a facial [constitutional] challenge does not depend on
16         the particular facts of an individual case [citation], an 'as applied'
           challenge requires the appellant to present a factual analysis of the
17         individual case."  (*Banning v. Newdow* (2004) 119 Cal.App.4th
           438, 457.)   The statute being challenged "is presumed to be
18         constitutional and . . . must be upheld unless its unconstitutionality
           'clearly, positively and unmistakably appears.'"  (*Hale v. Morgan*
19         (1978) 22 Cal.3d 388, 404.)

20         Defendant contends section 290.013 is unconstitutional as applied
           to persons who decide to relocate their residence to another
21         state *after* they have already left California.   But it was not
           conclusively shown in this case that defendant is such a person.
22         Based on the evidence, the jury reasonably could have found that
           defendant intended to abandon his residence in California *at the*
23         *time he left the state*, which was, from all appearances, shortly after
           he was interviewed by Redding police in connection with a possible
24         new felony charge.  If the jury found that defendant had that intent,
           then obviously defendant would fall outside the class of persons to
25         whom he contends section 290.13 is unconstitutional when applied,
           because defendant could have provided the notice required by
26         section 290.13 in person *before* he left the state.   Accordingly,
           defendant's "as applied" constitutional challenge to the statute is
27         without merit.

28  Lodged Doc. 4 at 7-9.

16

1          D.  Objective Unreasonableness Under § 2254(d)

2          The state court correctly framed this issue as an "as applied" challenge to the statute.

3   Petitioner does not contend that the statute is facially unconstitutional and may never support a

4   valid conviction.  Rather, he argues that the statute may not be constitutionally applied to those

5   who, like him, make the decision to relocate while already out of state and are therefore unable to

6   notify California authorities in person.  The state court of appeal did not reach the question

7   whether application of the statute to the specified class of defendants would violate constitutional

8   rights; instead it found that petitioner had not established that he is part of that class.  This

9   analysis is not objectively unreasonable.  The evidence at trial supported a conclusion that

10  petitioner deliberately left the state to avoid arrest, which would mean that he decided to

11  indefinitely abandon his residence in Redding at or before the time of his actual departure and not

12  afterwards.  Petitioner has identified no clearly established federal law that is inconsistent with

13  this analysis.

14         Moreover, the undersigned is unable to identify any U.S. Supreme Court precedent

15  holding that a statute similar to Cal. Penal Code § 290.013 is unconstitutional, or must be limited

16  in its application, on the grounds forwarded by petitioner.  Absent such authority governing the

17  substantive constitutional claim, AEDPA bars relief.  See Wright v. Van Patten, 552 U.S. 120,

18  125-26 (2008) (per curiam) (if no Supreme Court precedent controls a legal issue raised by a

19  habeas petitioner in state court, the state court's decision cannot be contrary to, or an

20  unreasonable application of, clearly established federal law).

21  V.      Claim Five:  Trial Counsel Provided Ineffective Assistance By Failing To Bring A

22          "*Romero* Motion"

23          A.  Petitioner's Allegations and Pertinent State Court Record

24         Petitioner contends that he was denied his right to the effective assistance of counsel

25  because his lawyer failed to file and/or competently pursue a motion to strike prior "strike"

26  convictions under Cal. Penal Code § 1385.  He alleges that he should have received relief under

27  ////

28  ////

Romero[5] because his offense of conviction was a non-violent technical violation of the registration requirement, and more than 20 years had passed since his prior strike. ECF No. 1 at 13.

### B. The Clearly Established Federal Law

To establish a constitutional violation based on ineffective assistance of counsel, a petitioner must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 692, 694 (1984). Prejudice means that the error actually had an adverse effect on the defense. There must be a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Id. at 693-94. The court need not address both prongs of the Strickland test if the petitioner's showing is insufficient as to one prong. Id. at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Id.

### C. The State Court's Ruling

Because the California Supreme Court denied this claim without comment, Suppl. Lodged Doc. 15, this court "looks through" the silent denial to the last reasoned state court decision. See Ylst, 501 U.S. 797. Because the superior court issued the only reasoned decisions adjudicating the claim, those are the decisions reviewed for reasonableness under § 2254(d). See Bonner v. Carey, 425 F.3d 1145, 1148 n.13 (9th Cir. 2005).

In its memorandum order dated July 15, 2013, the superior court found the petition procedurally barred because petitioner had not raised his ineffective assistance of counsel claims on appeal. In the alternative, the court found that petitioner had failed to demonstrate prejudice from any of counsel's alleged errors. Lodged Doc. 9.

In its memorandum order dated September 30, 2013, which denied a successive petition that added a claim of appellate ineffectiveness to the previously presented Strickland claims, the court again found that petitioner's claims were both procedurally barred and meritless. In this

---

[5] See People v. Romero, 13 Cal. 4th 497 (1996) (recognizing court's discretion to strike priors at sentencing).

1    order the court specifically addressed the <u>Romero</u> issue:

2         Petitioner argues that his trial counsel did not file a *Romero* motion.
         Clearly, petitioner has not reviewed the record as a *Romero* motion
3         was filed by his trial counsel on May 13, 2011.  The Shasta County
         District Attorney's Office filed a response on May 16, 2011, and
4         this court denied the *Romero* motion on May 20, 2011 at
         petitioner's Judgment and Sentencing hearing.  [fn. omitted]
5         Therefore, petitioner's contention is without merit. . .

6    Lodged Doc. 11.  The court went on to again hold that petitioner had failed to demonstrate

7    prejudice from any of counsel's alleged errors.  <u>Id.</u>

8              D.  <u>Objective Unreasonableness Under § 2254(d)</u>

9         The state court's denial of this claim was far from unreasonable.  The state court record

10   contains the defense <u>Romero</u> motion, CT 399-404, which contended as petitioner does here that

11   his priors should not be counted as strikes because they were more than 20 years old and the new

12   offense of conviction did not involve a serious or violent felony.  The matter was argued at

13   sentencing, and the motion was denied in open court.  RT 294-297.  Accordingly, the factual

14   predicate for the claim is flatly contradicted by the record.

15        Respondent contends, correctly, that the claim as exhausted in state court was limited to

16   the alleged failure to *file* a <u>Romero</u> motion, and that the alternative "failure to competently

17   pursue" language appears for the first time in the federal petition.  <u>Compare</u>, ECF No. 1 at 13

18   (Ground Five of federal petition) <u>with</u> Lodged Doc. 14 at 3 (Ground One of petition filed in

19   California Supreme Court).  There is no need to wrestle with the exhaustion doctrine here,

20   however, because the claim is plainly meritless.  <u>See</u> 28 U.S.C. § 2254(b)(2) (unexhausted claim

21   may be denied on the merits).

22        Petitioner does not identify anything that counsel could have done to create the reasonable

23   probability of a different result.  The sentencing judge denied the <u>Romero</u> motion because of

24   petitioner's criminal history (specifically, 18 prior admitted convictions involving four different

25   child victims), background, character, and poor prospects for success in the future.  RT 297.

26   While petitioner is correct that the priors were over 20 years old at the time of sentencing, that is

27   apparently because he spent 20 years in prison for the prior crimes.  On this record, petitioner

28   cannot establish prejudice from any attorney error.  As to the both the performance and prejudice

                                              19

1  prongs of <u>Strickland</u>, the claim is entirely conclusory and therefore must be denied.  <u>See</u> <u>James v.</u>

2  <u>Borg</u>, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations of ineffective assistance which are

3  unsupported by a statement of specific facts do not warrant habeas relief.")

4    VI.    Claim Six:  Appellate Counsel Provided Ineffective Assistance By Failing To Raise

5          The Issue Of  Trial Counsel's Failure To Bring A "*Romero* Motion"

6          A.  <u>Petitioner's Allegations and Pertinent State Court Record</u>

7          Petitioner contends that his appellate lawyer rendered ineffective assistance by failing to

8  raise the issue of trial counsel's ineffectiveness regarding the <u>Romero</u> issue and/or the trial court's

9  abuse of discretion in denying the <u>Romero</u> motion.  Petitioner alleges that he should not have

10 been sentenced as a third-striker because his offense of conviction was only a technical violation

11 of the registration requirement, and his last previous offense was more than 20 years old.  ECF

12 No. 1 at 15.

13         B.  <u>The Clearly Established Federal Law</u>

14         The familiar <u>Strickland</u> framework governs ineffectiveness claims challenging the

15 performance of appellate counsel.  <u>Smith v. Murray</u>, 477 U.S. 527, 535-36.  To prevail on a claim

16 of ineffective assistance on appeal, a petitioner "must  first show that his counsel was objectively

17 unreasonable . . . in failing to find arguable issues for appeal — that is, that counsel unreasonably

18 failed to discover nonfrivolous issues and to file a merits brief raising them."  <u>Smith v. Robbins</u>,

19 528 U.S. 259, 285 (2000) (internal citation omitted).  Petitioner then has the burden of

20 demonstrating that he has suffered prejudice, or "a reasonable probability that, but for his

21 counsel's unreasonable failure to file a merits brief, he would have prevailed on his appeal."  <u>Id.</u>

22 (citing <u>Strickland</u>, 466 U.S. at 694).

23         C.  <u>The State Court's Ruling</u>

24         The superior court denied this claim in a reasoned decision, which was presumptively

25 adopted by the California Supreme Court's "postcard denial."  <u>See</u> <u>Bonner</u>, 425 F.3d at 1148

26 n.13.  The superior court held that petitioner's claim of appellate counsel's ineffectiveness was

27 baseless because the claim of trial counsel's ineffectiveness was baseless.  Lodged Doc. 11.

28 ////

D.  Objective Unreasonableness Under § 2254(d)

Because petitioner's <u>Strickland</u> claim regarding the <u>Romero</u> motion is meritless for the reasons previously explained, he can establish neither unreasonable performance by appellate counsel nor prejudice from failure to present the claim on appeal.  <u>See</u> <u>Smith</u>, 528 U.S. at 285. The state court reached the only permissible result.

VII.    Claim Seven:  Trial Counsel Provided Ineffective Assistance By Failing To Interview Exculpatory Witnesses

A.  <u>Petitioner's Allegations and Pertinent State Court Record</u>

Petitioner alleges that trial counsel failed to conduct a reasonable investigation, and therefore failed to identify witnesses and obtain records that would have demonstrated he had not moved but had merely gone on vacation, and therefore was not subject to Cal. Penal Code § 290.013.  ECF No. 1 at 17.  In support of this claim, petitioner identifies eight potential witnesses and proffers summaries of their testimony.  <u>Id.</u> at 104-105.  Petitioner also attaches, as he did in state court, handwritten "questionnaires" on which six of these witnesses answered "no" to the question, "At any time did I move or change my address from 5166 East Bonneyview Rd Redding Calif. 96001."  <u>Id.</u> at 106-111.  A handwritten statement from petitioner's mother, as his "landlord," states that petitioner resided with her and never made any arrangements to move or change address; he had left for what was intended to be a 2-3 week vacation on September 28, 2008, from which he returned on September 25, 2009.  <u>Id.</u> at 113.

Petitioner also avers that his defense would have been supported by his Bank of America records, rent receipts and DMV records.  <u>Id.</u> at 17.  The only document submitted in support is a single (largely illegible) Bank of America checking account statement for a joint account in the names of petitioner and his mother.  <u>Id.</u> at 112.

B.  <u>The Clearly Established Federal Law</u>

To establish a constitutional violation based on ineffective assistance of counsel, a petitioner must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defense.  <u>Strickland</u> 466 U.S. at 692, 694.  Prejudice means that the error actually had an adverse effect on the

21

defense.  There must be a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.  Id. at 693-94.  The court need not address both prongs of the Strickland test if the petitioner's showing is insufficient as to one prong.  Id. at 697.  "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."  Id.

C.  The State Court's Ruling

The superior court denied this claim in a reasoned decision, which was presumptively adopted by the California Supreme Court's "postcard denial."  See Bonner, 425 F.3d at 1148 n.13.  The superior court ruled that the claim was both procedurally defaulted and meritless.  In addition to ruling generally that all of petitioner's ineffectiveness claims failed for lack of prejudice, the court specifically stated:

> In support of his argument, petitioner attached to his Writ of Habeas Corpus six signed documents titled "Questionnaire" which purport to be witness statements proving his innocence. Unfortunately, petitioner fails to explain who the signatories are, how they are related to the case, and whether or not they would have testified to that information at trial.  The signatures are not notarized, and it appears that petitioner wrote the "questionnaires" himself, asking the signatory to simply circle a pre-printed "yes" or a "no".

Lodged Doc. 9.

In affirming this ruling upon review of petitioner's second habeas petition, the court noted further:

> Even if all of petitioner's accusations of his attorney's performance were considered true, it is difficult to believe he would have experienced a more favorable verdict.  Central to the prosecution's case was a jail recording of petitioner admitting to staying in Alaska for the better part of a year, visiting a woman named "Rita" and doing some fishing.  As he did in his previous application, petitioner fails to present any credible evidence as to what these witnesses would have testified.  He again attaches the "questionnaires" he attached to his prior Writ of Habeas Corpus, which are simply not reliable, for the reasons stated in this court's prior Ruling.

Lodged Doc. 11.

D.  Objective Unreasonableness Under § 2254(d)

It was not objectively unreasonable for the state court to deny this claim on prejudice

grounds. Although petitioner did attempt to demonstrate the existence of undiscovered evidence, his showing falls far short of establishing the reasonable probability of a different result. The "questionnaires" presented to the superior court do not include information from which it is possible to determine the basis for any of the putative declarants' supposed knowledge of petitioner's residential status. Petitioner later attempted to address this problem with a witness summary, see ECF No. 1 at 104,[6] but this document merely highlights the insufficiency of the prejudice showing: petitioner avers that each witness knew or would testify that "Petitioner never moved," but none of the witnesses are alleged to have any information contrary to the trial evidence regarding petitioner's yearlong stay in Alaska. The opinions of these individuals as to whether petitioner had "moved" to Alaska are irrelevant and would have been inadmissible. Accordingly, petitioner cannot establish prejudice from counsel's alleged failure to investigate and the state court's ruling may not be disturbed.

VIII.    Claim Eight:  Trial Counsel Provided Ineffective Assistance By Failing To Present Any Evidence At Trial

A.  Petitioner's Allegations and Pertinent State Court Record

Petitioner contends that trial counsel unreasonably failed to call any witnesses or introduce any documentary evidence at trial. This claim is based on counsel's failure to present the evidence identified above in relation to Claim Seven. ECF No. 1 at 19.

B.  The Clearly Established Federal Law

The clearly established federal law governing this claim is Strickland v. Washington, supra.

C.  The State Court's Ruling

The superior court ruled as to all claims of ineffective assistance at trial that petitioner had failed to establish prejudice. Lodged Docs. 9, 11. The portions of the superior court rulings quoted above in relation to Claim Seven also apply to Claim Eight.

---

[6] This list was attached to petitioner's declaration filed in the California Supreme Court, Lodged Doc. 14. The first entry is illustrative. It reads in full: "Mr. Carpenter is the Petitioner's nephew who lives in Redding. He would visit Petitioner 2 to 3 times each week and knew that Petitioner never moved." Id.

D.  Objective Unreasonableness Under § 2254(d)

This claim is meritless due to the lack of prejudice, for the same reasons as Claim Seven. Because the state court's ruling was not unreasonable, § 2254(d) bars relief.

IX.     Claim Nine:  Appellate Counsel Provided Ineffective Assistance By Failing To Raise The Issue Of  Trial Counsel's Failure To Present A Defense

A.  Petitioner's Allegations and Pertinent State Court Record

Petitioner contends that appellate counsel ineffectively failed to raise the issue of trial counsel's failure to present a defense.  ECF No. 1 at 21.

B.  The Clearly Established Federal Law

This claim is governed by Strickland and progeny.  See  Smith v. Robbins, 528 U.S. at 285.

C.  The State Court's Ruling

As noted above regarding Claim Six, the superior court ruled that appellate counsel was not ineffective because the Strickland claim involving trial counsel was meritless.  Lodged Doc. 11.

D.  Objective Unreasonableness Under § 2254(d)

Because petitioner's Strickland claim alleging failure to present evidence is meritless for the reasons previously explained, he can establish neither unreasonable performance by appellate counsel nor prejudice from the failure to present the claim on appeal.  See Smith, 528 U.S. at 285. The state court reached the only permissible result.

X.     Claim Ten:  Trial Counsel Provided Ineffective Assistance By Failing To Consult With Petitioner Before Trial

A.  Petitioner's Allegations and Pertinent State Court Record

Petitioner contends that his trial lawyer never consulted with him prior to trial.  He alleges that he brought a Marsden motion and voiced his complaints at the hearing, and that the trial court admonished counsel to consult with petitioner.  However, counsel failed to do so.  ECF No. 1 at 23.

////

1      B.  The Clearly Established Federal Law

2          The clearly established federal law governing this claim is <u>Strickland v. Washington</u>,

3   <u>supra</u>.

4      C.  The State Court's Ruling

5          The superior court ruled as to all ineffective assistance claims that petitioner had failed to

6   establish prejudice.  Lodged Docs. 9, 11.  The portions of the superior court rulings quoted above

7   in relation to Claim Seven also apply to Claim Ten.

8      D.  Objective Unreasonableness Under § 2254(d)

9          As with petitioner's other claims that trial counsel was ineffective, this claim fails for lack

10  of prejudice.  Even assuming the truth of petitioner's allegations – that his lawyer never consulted

11  with him, that the trial judge admonished and instructed counsel to consult with his client going

12  forward, and that counsel persisted in failing to consult with petitioner – the claim would not

13  support relief.  Even if counsel's conduct violated best practices for criminal defense attorneys,

14  and even if counsel's conduct violated professional ethics, there would be no Sixth Amendment

15  violation absent errors or omissions that demonstrably affected the outcome.  Petitioner's only

16  prejudice-related argument on this claim is that pretrial consultation would have resulted in

17  counsel discovering and developing the evidence at issue on Claims Seven and Eight.  For the

18  reasons already explained, that "evidence" does not demonstrate the reasonable likelihood of a

19  different result.  The superior court reasonably rejected the claim, and § 2254(d) accordingly bars

20  federal habeas relief.

21                                      CONCLUSION

22          For all the reasons explained above, the state courts' denial of petitioner's claims was not

23  objectively unreasonable within the meaning of 28 U.S.C. § 2254(d).  Even without reference to

24  AEDPA standards, petitioner has not established any violation of his constitutional rights.

25  Accordingly, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus be

26  denied.

27          These findings and recommendations are submitted to the United States District Judge

28  assigned to the case, pursuant to the provisions of 28 U.S.C. §636(b)(l).  Within twenty-one days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. See 28 U.S.C. § 2253(c)(2). Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 14, 2017

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE